**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

_OCALA_ Division

### CIVIL RIGHTS COMPLAINT FORM

RONY JEAN BAPTISTE #191100

CASE NUMBER: 5:04-CV-182-OC-10GRJ
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

JAMES V. CROSBY, JR.

ADRO L. JOHNSON

LONNIE E. HOLMES

A.D. ASHLEY

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_____/

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.    PLACE OF PRESENT CONFINEMENT: LAKE CORRECTIONAL INSTITUTION
      (Indicate the name and location)

      19225 U.S. HWY 27, CLERMONT, FLORIDA 34711-9025

II.   DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
      THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (X) No ( )

      [If your answer is YES, after reviewing the exhaustion requirements, answer the following
      questions]

DC 225 (Rev. 9/03)                                    1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A. <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (  ) No (X)

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status?  Yes (  ) No (X)

      a. If so, did you go through the informal grievance, formal grievance and appeal process?  Yes (  ) No (  )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B. <u>Informal Grievance</u> (Request for Interview)

1.   Did you submit an informal grievance (Form DC3-005)? Yes (X) No ( )

2.   If so, you must attach a copy of the grievance and response to this Complaint form.
     *ATTACHED AS EXHIBIT "B"*

C.   Formal Grievance (Request for Administrative Remedy or Appeal)

1.   Did you have a disciplinary hearing concerning this matter? Yes ( ) No (X)

2.   If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.   Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (X)

4.   If so, you must attach a copy of the grievance and response to this Complaint form.
     *NOTE: GRIEVANCE PROCEDURE EXHAUSTED BY APPROVAL AT THE INFORMAL LEVEL.*

D.   Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1.   Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
     Yes ( ) No (X)

2.   If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___4TH___ day of ___MAY_____ , 2 _004_ .

_____ #191100
Signature of Plaintiff

DC 225 (Rev. 9/03)                                3

III.  DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (  ) No (X)

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail? Yes (  ) No (  )

B.  Did you present the facts relating to your Complaint in the grievance procedure? Yes (  ) No (  )

C.  If your answer is YES:

   1.  What steps did you take? _____

   _____

   2.  What were the results? _____

   _____

   3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _____

   _____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___4TH___ day of __MAY_____, 2 00 4 .

_____ #191100
Signature of Plaintiff

IV.   **PREVIOUS LAWSUITS**:

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (X) No ( )

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): RONY JEAN BAPTISTE

Defendant(s): THOMAS S. FORTNER

2.   Court (if federal court, name the district; if state court, name the county): OKALOOSA COUNTY, FLORIDA

3.   Docket Number: 96-2764-CA-KB

4.   Name of judge: THE HONORABLE KEITH BRACE

5.   Briefly describe the facts and basis of the lawsuit: PLAINTIFF CHARGED DEFENDANT WITH PURPOSELY DESTROYING HIS INSTITUTION-ALLY FILED ADMINISTRATIVE GRIEVANCES

6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?): PETITION WAS INITIALLY GRANTED IN-PART (2-17-97); BUT WAS SUBSEQUENTLY DISMISSED FOR FAILURE TO PROSECUTE (3-10-98).

7.   Approximate filing date: 9-2-96

8.   Approximate disposition date: 2-11-97 & 3-10-98

SEE PP. 5B-5D FOR PREVIOUS LAWSUITS CONTINUED.

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

IV.

## PREVIOUS LAWSUITS CONTINUED.

1.) PARTIES TO PREVIOUS LAWSUIT:

    PLAINTIFF: RONY JEAN BAPTISTE

    DEFENDANT: HARRY K. SINGLETARY (MICHAEL W. MOORE)

2.) COURT:

    LEON COUNTY, FLORIDA

3.) DOCKET NUMBER:

    CIRCUIT COURT: 97-2713

    DISTRICT COURT: 99-1951

4.) NAME OF JUDGE:

    HONORABLE TERRY P. LEWIS

5.) FACTS AND BASIS OF LAWSUIT:

    PLAINTIFF CHARGED THAT HE HAD BEEN ERRONEOUSLY ASSESSED A FORMAL DISCIPLINARY REPORT, AND HAD HIS GOOD TIME CREDITS FORFEITED, FOR CONTRABAND THAT WAS NEVER ACTUALLY FOUND IN HIS POSSESSION, BUT WAS FOUND IN HIS CELLMATE'S SLEEPING AREA, AND WAS OWNED-UP TO BY HIS CELLMATE

6.) DISPOSITION:

    "DISMISSED FOR FAILURE TO ALLEGE FACTS UPON WHICH THE PLAINTIFF MIGHT BE ENTITLED TO RELIEF SOUGHT" (6/25/98); REHEARING DENIED (4/13/99);

7.) APPROXIMATE FILING DATE: 3/13/97

8.) APPROXIMATE DISPOSITION DATE: 6/25/98 (REHEARING 4/13/99).

IV.

## PREVIOUS LAWSUITS CONTINUED.

1.) PARTIES TO PREVIOUS LAWSUIT:

PLAINTIFF: RONY JEAN BAPTISTE
DEFENDANTS: GLEN DEAN, MARK A. KINCAID, JAMES REYNOLDS, I. E. WALL, EDWARD A. SOBACH, & RONNIE C. WHITE

2.) COURT:

MIDDLE DISTRICT OF FLORIDA (JACKSONVILLE DIVISION)

3.) DOCKET NUMBER:

3:00-CV-822-J-20C

4.) NAME OF JUDGE:

THE HONORABLE TIMOTHY J. CORRIGAN (MAGISTRATE JUDGE)
THE HONORABLE HENRY E. SCHLESINGER (DISTRICT JUDGE)

5.) FACTS AND BASIS OF LAWSUIT:

PLAINTIFF CHARGED THAT DEFENDANTS VIOLATED HIS 8TH AND 14TH AMENDMENT RIGHTS AGAINST CRUEL AND UNUSUAL PUNISHMENTS WHEN THEY COMMITTED A RACIALLY MOTIVATED ASSAULT AGAINST HIM; AND WHEN THEY CONSPIRED TO DEPRIVE HIM OF A MEANINGFUL RIGHT TO REDRESS.

6.) DISPOSITION:

DUE TO SETTLEMENT AGREEMENT REACHED; SUIT DISMISSED WITH PREJUDICE.

7.) APPROXIMATE FILING DATE: 7/3/00

8.) APPROXIMATE DISPOSITION DATE: 2/11/02

## IV.

### PREVIOUS LAWSUITS CONTINUED.

1.) PARTIES TO PREVIOUS LAWSUIT:

PLAINTIFF: RONY JEAN BAPTISTE

DEFENDANTS: WARDEN, DADE NORTH ANNEX; AND SECRETARY, FLA. DEPART-
MENT OF CORRECTIONS

2.) COURT:

MIAMI-DADE COUNTY, FLORIDA

3.) DOCKET NUMBER:

01-19707-CA-10

4.) NAME OF JUDGE:

THE HONORABLE MARGARITA ESQUIROZ

5.) FACTS AND BASIS OF LAWSUIT:

PLAINTIFF CHARGED THAT DEFENDANTS COMMITTED MANY DUE
PROCESS VIOLATIONS IN A DISCIPLINARY PROCESS WHICH RE-
SULTED IN LOST OF GOOD TIME CREDITS.

6.) DISPOSITION:

SUIT IS STILL PENDING

7.) APPROXIMATE FILING DATE:

8/20/01

8.) APPROXIMATE DISPOSITION DATE:

NOT APPLICABLE (CASE STILL OPEN)

—No—

V.     PARTIES:  In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: RONY JEAN BAPTISTE #191100

       Mailing address: LAKE CORRECTIONAL INSTITUTION
       19225 U.S. HWY 27, CLERMONT, FLORIDA 34711-9025

B.   Additional Plaintiffs: _____

In part C of this section, indicate the full name of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: JAMES V. CROSBY, JR.

       Mailing Address: 2601 BLAIRSTONE ROAD
                                   TALLAHASSEE, FLORIDA 32399

       Position: SECRETARY, FLA. DEPT. OF CORRECTIONS

       Employed at: CENTRAL OFFICE — FLA. DEPT. OF CORR.

D.   Defendant: ADRO L. JOHNSON

       Mailing Address: 19225 U.S. HWY 27
                                   CLERMONT, FLORIDA 34711-9025

       Position: WARDEN

       Employed at: LAKE CORRECTIONAL INSTITUTION

E. Defendant: LONNIE E. HOLMES

Mailing Address: 19225 U.S. HWY 27

CLERMONT, FLORIDA 34711-9025

Position: ASSISTANT WARDEN OF OPERATIONS

Employed at: LAKE CORRECTIONAL INSTITUTION

F. Defendant: A. D. ASHLEY

Mailing Address: POST OFFICE BOX 158

LOWELL, FLORIDA 32663-0158

Position: CORRECTIONAL OFFICER CAPTAIN

Employed at: MARION CORRECTIONAL INSTITUTION

G. Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

DC 225 (Rev. 9/03)

# VI. STATEMENT OF CLAIM

DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW IN THEIR VIOLA-
TION OF PLAINTIFF'S RIGHT; AND THE ACTS AND OMISSIONS RESULTED IN THE
PERPETUATING DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL, FEDERAL STATU-
TORY, AND STATE-CREATED RIGHTS. THEIR ACTS AND OMISSIONS ALL FALL WITH-
IN THE SCOPE OF "PERSONAL INVOLVEMENT" BECAUSE THEY EITHER DIRECTLY
PARTICIPATED IN VIOLATING PLAINTIFF'S RIGHTS; KNEW OR SHOULD HAVE
KNOWN ABOUT THE VIOLATION BUT DID NOTHING TO STOP OR FIX IT, EVEN
THOUGH IT WAS THEIR DUTY TO DO SO; CREATED A POLICY OR CUSTOM
THAT ALLOWED THE VIOLATIONS TO OCCUR; OR FAILED TO PROPERLY OVER-
SEE THE PEOPLE WHO CAUSED THE WRONG.

DEFENDANTS HAVE VIOLATED PLAINTIFF'S RIGHTS UNDER THE EIGTH (8TH)
AMENDMENT TO THE U.S. CONSTITUTION TO BE FREE FROM CRUEL AND UN-
USUAL PUNISHMENTS WHEN THEIR PERSONAL INVOLVEMENTS CAUSED PLAIN-
TIFF TO BE UNVOLUNTARILY EXPOSED TO UNUSUALLY HIGH LEVELS OF ENVIRO-
MENTAL TOBACCO SMOKE (ETS). THEY ALSO VIOLATED PLAINTIFF'S RIGHTS
UNDER THE FOURTEENTH (14TH) AMENDMENT TO THE U.S. CONSTITUTION TO
BENEFIT FROM DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW, WHEN
THEY FAILED TO ENSURE THAT PLAINTIFF'S SUBSTANTIAL RIGHTS WERE NOT
INFRINGED UPON OR ARBITRARILY FORFEITED WITHOUT LEGAL JUSTIFICATION
AND/OR REASONING.

DEFENDANTS HAVE SHOWN A DELIBERATE INDIFFERENCE TOWARDS THE
PROTECTION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, BY REFUSING TO AD-
DRESS, MUCH LESS REMEDY, PLAINTIFF'S EXPOSURE TO HIGH LEVELS OF ETS.

# VI. STATEMENT OF CLAIM CONTINUED.

THEIR ACTIONS AND INACTIONS DIRECTLY CAUSED PLAINTIFF'S UNCONSTI-TUTIONAL EXPOSURE TO THE SECOND-HAND SMOKE THAT THREATENS HIS CURRENT AND FUTURE HEALTH CONCERNS.

DEFENDANT CROSBY'S LIABILITY IS FOUNDED ON THE BASIS THAT, AS THE HIGHEST RANKING OFFICIAL IN THE DEPARTMENT, IT IS/WAS HIS LEGAL DUTY TO CREATE A POLICY AND/OR CUSTOM TO BE USED TO ENFORCE THE PROHIBITION AGAINST SMOKING INDOORS AND TO OVER-SEE THE PEOPLE WHO ARE IN CHARGE OF THE DAY-TO-DAY OPERA-TIONS OF ALL STATE INSTITUTIONS. CROSBY'S FAILURE IN SUCH DU-TIES, WHICH DIRECTLY CAUSED PLAINTIFF'S EXPOSURE TO HAZARDOUS LEVELS OF ETS, CONSTITUTED PERSONAL INVOLVEMENT.

DEFENDANT JOHNSON'S LIABILITY IS FOUNDED ON THE BASIS THAT, AS THE HIGHEST RANKING OFFICIAL AT THE INSTITUTIONAL LEVEL, IT IS/WAS HIS LEGAL DUTY TO CREATE A POLICY AND/OR CUSTOM TO EFFECTIVELY COMBAT OFFENDER SMOKING INDOORS AND TO OVERSEE THE PEOPLE WHO ARE IN CHARGE OF THE DAY-TO-DAY OPERATIONS OF THE PRISON. JOHNSON'S FAILURE IN SUCH DUTIES, WHICH IN-TURN CAUSED PLAINTIFF'S EXPOSURE TO CONTINUOUSLY HIGH LEVELS OF ETS, CONSTITUTED PERSONAL INVOLVEMENT.

DEFENDANT HOLMES' LIABILITY IS FOUNDED ON THE BASIS THAT, AS THE HIGHEST RANKING OFFICIAL OVER INSTITUTIONAL OPERA-TIONS, IT IS/WAS HIS LEGAL DUTY TO CREATE A POLICY AND/OR CUSTOM IN REGARDS TO IMPLEMENTING A WORKABLE METHOD TO SATISFACTORILY COMBAT AND ENFORCE THE STATE-WIDE MORATOR-IUM (BAN) ON SMOKING INSIDE OF STATE BUILDINGS, AND TO

## VI. STATEMENT OF CLAIM CONTINUED.

OVERSEE THE PEOPLE WHO ARE IN CHARGE OF THE DAY-TO-DAY OPERATIONS OF THE PRISON. HOLMES' FAILURE IN SUCH DUTIES, WHICH IN-TURN CAUSED PLAINTIFF'S EXPOSURE TO UNHEALTHY LEVELS OF ETS, CONSTITUTED PERSONAL INVOLVEMENT.

DEFENDANT ASHLEY'S LIABILITY IS FOUNDED ON THE BASIS THAT, AS THE HIGHEST RANKING SECURITY OFFICIAL AT THE TIME THAT THE DEPARTMENT WAS FORMALLY MADE AWARE OF THE SMOKING PROBLEM BY THE PLAINTIFF, IT IS/WAS HER LEGAL DUTY TO CREATE POLICY AND/OR CUSTOMS TO REQUIRE THAT HER SECURITY STAFF STAUNCHLY ENFORCED THE BAN ON INDOOR SMOKING AND TO OVERSEE THE PEOPLE CHARGED WITH SUCH ENFORCEMENT. ASHLEY'S FAILURE IN SUCH DUTIES, WHICH IN-TURN EFFECTED PLAINTIFF'S EXPOSURE TO CONTINUOUSLY HIGH LEVELS OF ETS, CONSTITUTED PERSONAL INVOLVEMENT.

DEFENDANT KNOW OR SHOULD HAVE KNOWN THAT THEIR ACTIONS AND INACTIONS CONSTITUTED DELIBERATE INDIFFERENCE WHEN THEY FAILED TO ACT INORDER TO ELIMINATE OR ALEIVIATE PLAINTIFF'S CONTINUED EXPOSURE TO SERIOUSLY HIGH LEVELS OF ETS.

DEFENDANTS ACTIONS WERE CONTRARY TO THE PROVISIONS OF SECTION 944.115 (FLA. STAT.); ARTICLE X, SECTION XE, FLORIDA CONSTITUTION: FLORIDA ADMINISTRATIVE CODE, CHAPTER

**VI.**

## STATEMENT OF CLAIM CONTINUED.

401.401; DEPARTMENT OF CORRECTIONS PROCEDURAL MANUAL, PROCEDURE NUMBER 403.001; TITLE 42 U.S.C. SECTION 7401; AND SECTION 386.201 (FLA. STAT.).

ALL OF DEFENDANTS ACTIONS AND/OR INACTIONS WERE DONE UNDER THE COLOR OF STATE LAW.

# JURISDICTION

A.) THIS IS A CIVIL RIGHTS ACTION FILED UNDER 42 U.S.C. 1983; THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. 1331 AND 1343;

B) PLAINTIFF ALSO INVOKES SUPPLEMENTAL (PENDENT) JURISDICTION UNDER 28 U.S.C. 1367 FOR THE STATE LAW CLAIMS PURSUANT TO THE FLORIDA CONSTITUTION, DECLARATION OF RIGHTS, ARTICLE I, SECTION XVII (1974); AND

C.) UNDER RULE 23, FEDERAL RULES OF CIVIL PROCEDURES, THIS HONORABLE COURT HAS THE AUTHORITY TO DESIGNATE SUITS AS A CLASS ACTION.

## VII.   STATEMENT OF FACTS.

ON OR ABOUT 1/1/00, THE FLORIDA DEPARTMENT OF CORRECTIONS (DEPARTMENT) DID AWAY WITH DESIGNATED NON-SMOKING DORMITORIES AS OBSOLETE BECAUSE LEGISLATION HAD JUST MADE IT UNLAWFUL TO SMOKE INSIDE OF ANY STATE BUILDING. PRIOR TO THIS ACTION, PLAINTIFF, ALONG WITH ALL OTHER SIMILARLY SITUATED INMATES (THEIR CLASS), ENJOYED RELATIVELY SATISFACTORY PROTECTION FROM SECOND-HAND SMOKE —— EXPOSURE WAS MINIMAL OR SPORADIC DURING THE MOST EXTREME INSTANCES. BUT SINCE THE NON-SMOKING DESIGNATIONS HAVE BEEN REMOVED FROM PREVIOUSLY DESIGNATED DORMITORIES AT EVERY DEPARTMENTAL FACILITY, AND INMATES WHO DO NOT SMOKE HAVE BEEN CONSIGNED BY FORCE TO BE HOUSED WITH IN-MATES WHO ACTIVELY SMOKE, PLAINTIFF HAS BEEN PLAGUED WITH MED-ICAL ISSUES AND COMPLAINTS NOT PREVIOUSLY EXPERIENCED AND/OR REALIZED.

PLAINTIFF IS NOW FORCED TO TAKE NUMEROUS MEDICATIONS TO CONTROL HYPERTENSION THAT HE DID NOT SUFFER FROM PRIOR TO BEING MADE TO LIVE, FOR A NUMBER OF YEARS, AROUND SMOKERS WHO ACTIVELY SMOKE IN THE DORMITORIES, DESPITE THE SAME BEING FORBIDDEN BY LAW. ALONG WITH THE FACT THAT CIGARETTE SMOKE TRIGGERS AN ELEVATED BLOOD PRESSURE IN PLAINTIFF, THE ENVIROMENTAL TOBACCO SMOKE (ETS) ALSO CAUSES HIM SINUS AGGRAVATIONS/CONGESTION, NAUSEA, HEADACHES, SCRATCHY THROAT, AND EYE IRRITATION, ALONG WITH OTHER ANNOYING DISCOMFORTS.

## VII. STATEMENT OF FACTS CONTINUED.

PLAINTIFF HAS NOTED THAT WHEN HE IS PLACED IN A SEG-REGATED HOUSING UNIT, WHERE THERE ARE NO TOBACCO PRO-DUCTS (EXCEPT FOR THE MINIMAL AMOUNT SMUGGLED IN PERIODICALLY), HE ENJOYS NEAR PERFECT HEALTH — GOOD BLOOD PRESSURE AND FREEDOM FROM ALL OF THE OTHER PHYSICAL NUISANCES THAT HE EXPERIENCES WHEN AS-SAILED BY CIGARETTE SMOKE.

BECAUSE PLAINTIFF HAD BEEN EXPERIENCING PROBLEMS DETRIMENTAL TO HIS CURRENT AND FUTURE HEALTH CONCERNS, AS A RESULT OF BEING INADEQUATELY PROTECTED FROM, AND UN-LAWFULLY EXPOSED TO, CONSTANTLY HIGH LEVELS OF ETS, HE BROUGHT THE ISSUE TO THE ATTENTION OF THE CHIEF SECURITY OFFICER (RESPONDENT ASHLEY) VIA INFORMAL REQUEST (SEE EXHIBIT "A"). THE PROBLEM WAS NOT RESOLVED, SO PLAIN-TIFF FILED AN INFORMAL GRIEVANCE TO RESPONDENT HOLMES WHICH WAS SUBSEQUENTLY APPROVED (SEE EXHIB-IT "B"). THE APPROVING OF PLAINTIFF'S GRIEVANCE CON-STITUTED AN EXHAUSTION OF THE ADMINISTRATIVE REM-EDIES AVAILABLE TO HIM. EVEN THOUGH PLAINTIFF'S GRIEV-ANCE WAS APPROVED, AND THE SMOKING DILEMMA WAS ACK-NOWLEDGED, THE SITUATION WENT UNRESOLVED AS THE RE-SPONDING OFFICIAL SIMPLY SOUGHT TO APPEASE THE

## VII. STATEMENT OF FACTS CONTINUED.

PLAINTIFF BY OFFERING HIM THE OPPORTUNITY TO MOVE TO AN HONOR DORM, WHERE, INCIDENTLY, THE MOST INDOOR SMOKING OCCURS. SINCE PLAINTIFF HAS INITIATED AND EXHAUSTED THE ADMINISTRATIVE GRIEVANCE MECHANISM AVAILABLE TO HIM WITHOUT SUCCESS, THERE REMAIN NO OTHER AVENUES FOR EQUITABLE RELIEF LEFT OPEN TO HIM OTHER THAN JUDICIAL INTERVENTION AND RELIEF.

RESPONDENTS' ACTIONS AND RESPONSES INDICATE THAT THEY ARE NOT GOING TO TAKE ANY ACTIVE MEASURES TO ALEIVIATE THE AMOUNT OF ETS EXPOSURE THAT THE PLAINTIFF, AND EVERY OTHER SIMILARLY SITUATED PRISONER, IS CONSTANTLY EXPOSED TO.

RESPONDENTS HAVE BEEN MADE AWARE THAT THE CURRENT "NO SMOKING" POLICY BEING EMPLOYED BY THE DEPARTMENT IS STRUCTURALLY FLAWED IN THAT IT RELIES SOLELY ON THE INTEGRITY OF A NICOTINE ADDICTED PRISONER TO REFRAIN FROM SMOKING TOBACCO THAT THEY ARE ALLOWED TO POSSESS INSIDE OF BUILDINGS INORDER TO WORK.

RESPONDENTS MUST REMEDY THIS SITUATION BECAUSE THE ETS EXPOSURE SUFFERED BY THE PLAINTIFF, AS WELL AS THE RISKS POSED TO HIS PRESENT AND FUTURE HEALTH BY THE SAME, ARE RISKS THAT A REASONABLE PERSON IN TODAY'S SOCIETY WOULD NOT CHOOSE TO TOLERATE.

## VII. STATEMENT OF FACTS CONTINUED.

RESPONDENTS HAVE BEEN ADVISED THAT PLAINTIFF'S EX-POSURE TO SUCH HIGH LEVELS OF ETS IS SUFFICIENT E-NOUGH TO CONSTITUTE AN UNREASONABLE RISK TO HIS FU-TURE HEALTH.

PLAINTIFF'S RIGHTS TO REMAIN FREE FROM THE HAZARDS OF ETS FAR OUTWEIGH THE DEPARTMENT'S INTEREST IN KEEP-ING HIM SUBJECTED TO THE SAME.

PLAINTIFF REQUIRES THAT THE RESPONDENTS PERFORM THEIR OB-LIGATORY DUTIES AND ADEQUATELY PROTECT HIM FROM CONTINUED EXPOSURE TO ETS.

WHEN PLAINTIFF TRANSFERS THROUGH-OUT THE DEPARTMENT, HE IS EXPOSED TO CONSTANTLY HIGH LEVELS OF ETS BECAUSE THE MAJORITY OF THE PRISONERS IN THE TRANSPORT BUSES SMOKE CONSTANTLY WHEN BEING TRANSPORTED AND PLAINTIFF CAN NOT ESCAPE THE ETS.

PLAINTIFF IS SUBJECTED TO FURTHER ETS EXPOSURE BECAUSE THE BETTER PART OF 85% OF THE PRISONERS HOUSED WITH PLAIN-TIFF ACTIVELY SMOKE IN THE HOUSING UNIT ON A CONSTANT BASIS.

PRISON GUARDS CAN NOT AND DO NOT ADEQUATELY POLICE THE DORMITORIES FOR OFFENDER SMOKING BECAUSE THEY CAN NOT BE ANYWHERE AND EVERYWHERE IN THE DORMITORIES SIMULTANEOUSLY.

# VII. STATEMENT OF FACTS CONTINUED.

OFFENDER SMOKERS HAVE BECOME BOLD WITH THEIR SMOKING — WHEREAS THEY USED TO MAKE AN ATTEMPT TO CONCEAL THEIR ILLEGAL SMOKING. THEY NOW DO IT AS BLATANT AND OPEN AS IF IT WERE LEGAL.

PLAINTIFF IS SUBJECTED TO <u>ETS</u> EXPOSURE WHEN HE HAS TO DO THINGS AS TRIVIAL AS LINING-UP FOR PRISON FUNCTIONS SUCH AS MEAL TIME — HE IS FORCED TO REMAIN IN LINE WHILE TOBACCO SMOKE IS BEING BLOWN ALL AROUND HIM.

THE DEPARTMENT'S LACK OF A SPECIFIC RULE PROHIBITING THE USE OF TOBACCO PRODUCTS INDOORS (UNDER F.A.C. 33-601.314) IS A DIRECT CAUSE AND CONTRIBUTOR TO THE VIOLATION OF PLAINTIFF'S RIGHTS — MORESO BECAUSE THE "NO SMOKING" MANDATE IS SPECIFICALLY REQUIRE BY STATE LAW (FLA. STAT.).

THE LACK OF THE ENFORCEMENT OF DISCIPLINARY SANCTIONS ASSESSED TO VIOLATOR SMOKERS IS INDICATIVE OF THE FACT THAT THE DEPARTMENT DOES NOT PLACE ANY REAL EMPHASIS ON INMATES SMOKING INDOORS; CONSEQUENTLY, INMATES ARE ENCOURAGED TO SMOKE INDOORS BY THE LACK OF ANY REAL DISCIPLINARY CONSEQUENCES.

THESE FACTORS SERVE TO VIOLATE PLAINTIFF'S RIGHT TO REMAIN FREE FROM DANGEROUS/HAZARDOUS LEVELS OF SECOND-HAND TOBACCO SMOKE.

# VII. STATEMENT OF FACTS CONTINUED.

PLAINTIFF HAS A VESTED INTEREST IN BEING CONCERNED ABOUT THE RISKS POSED TO HIS CURRENT AND FUTURE HEALTH BY THE CONTINUOUS EXPOSURE TO DANGEROUSLY HIGH LEVELS OF ETS.

EVEN THOUGH SOME PRISON GUARDS MAKE REASONABLE AT-TEMPTS TO DETER SMOKING INDOORS BY THREAT AND/OR PRESENCE, THE MAJORITY OF THE PRISON GUARDS TURN THE PROBLEM INTO A LAUGHING MATTER BY MAKING JOKES OUT OF AN INMATES NON-COMPLIANCE WITH THE NO SMOKING RULE.

THIS IS NOT A PROBLEM THAT IS RESTRICTED SOLELY TO PLAIN-TIFF'S PRESENT INSTITUTION. THIS RAMPANT SMOKING PROBLEM HAS BEEN WITNESSED, WITHOUT FAIL, AT EVERY INSTITUTION THAT PLAINTIFF HAS BEEN HOUSED AT; AND IT IS SAFE TO CON-CLUDE THAT THE SAME GOES ON AT EVERY OTHER DEPART-MENTAL INSTITUTION THAT HOUSE INMATES WHO SMOKE.

THE DEPARTMENT NO LONGER HAS DESIGNATED NON-SMOKING DORMITORIES BECAUSE EVERY BUILDING WITHIN THE DEPART-MENT IS SUPPOSED TO BE SMOKE FREE; BUT BECAUSE A HIGH LEVEL OF SMOKING IS ILLEGALLY DONE IN EVERY DORM, PLAINTIFF CAN NO LONGER SIMPLY MOVE TO A NON-SMOKING DORMITORY.

THIS ISSUE HAS BEEN RAISED BY PLAINTIFF AT SEVERAL DIFFERENT INSTITUTIONS.

## VII.   STATEMENT OF FACTS CONTINUED.

PRISON GUARDS [MUST] BE AWARE THAT HEAVY SMOKING OCCURS IN THE DORMITORIES, BECAUSE NOT ONLY DO THE TOBACCO SMOKE HANG PERPETUALLY IN THE AIR, BUT NUMEROUS CIGARETTE BUTTS ARE ALWAYS VISIBLE ON THE FLOORS AND WINDOW SILLS.

THE SMOKE-FILLED ENVIRONMENT THAT PLAINTIFF IS FORCED TO LIVE IN IS AN ENVIRONMENT THAT WOULD NOT BE TOLERATED/ ACCEPTED BY PERSONS IN A FREE SOCIETY —— UNACCEPTABLE CONDITIONS.

LASTLY, PLAINTIFF'S PRESENT AND FUTURE HEALTH INTERESTS SHOULD NOT BE PLACED AT RISK OR IN JEOPARDY SIMPLY BECAUSE THE DEFENDANTS ARE DELIBERATELY INDIFFERENT TO DEVISING A SYSTEM SUFFICIENT ENOUGH TO ADEQUATELY PROTECT HIM FROM THE UNREASONABLE ETS EXPOSURE HE NOW FACES.

# VIII. RELIEF REQUESTED.

1.) DEFENDANTS ARE SUED IN THEIR OFFICIAL CAPACITIES, AS AGENTS OF THE FLORIDA DEPARTMENT OF CORRECTIONS, BECAUSE THEIR ACTIONS, WHILE IN THE PERFORMANCE OF THEIR OFFICIAL STATE FUNCTIONS/DUTIES, CAUSED A DEPRIVATION OF PLAINTIFF'S CONSTITUTIONAL, FEDERAL STATUTORY, AND STATE-CREATED RIGHTS; DEFENDANTS ARE FURTHER SUED IN THEIR INDIVIDUAL CAPACITIES, BECAUSE EVEN THOUGH THE RULES GOVERNING THEIR EMPLOYMENT DUTIES AND OBLIGATIONS WERE EXPRESSLY CON-TRARY TO THEIR ACTIONS, THEY NEVERTHELESS HID BEHIND AND EMPLOYED THE SHIELD OF THEIR STATE AUTHORITY (THEIR "BADGE OF AUTHORITY") IN EFFECTING AND PERPETUATING THE DEPRIVATION OF THOSE RIGHTS;

2.) PLAINTIFF ALSO SEEKS TEMPORARY AND ULTIMATELY PERMANENT IN-JUNCTIVE RELIEF IN AS MUCH THAT DEFENDANTS WOULD BE ENJOINED FROM CURRENT OR ANY FURTHER DEPRIVATION OF PLAINTIFF'S SUBSTANTIVE RIGHTS, BY KNOWINGLY BUT UNCARINGLY ALLOWING PLAINTIFF TO BE EX-POSED TO THE HAZARDS OF ENVIROMENTAL TOBACCO SMOKE (ETS). SUCH RELIEF COULD BE ACHEIVED BY, BUT IS NOT STRICTLY EXCLUSIVE TO, THE DEPART-MENT'S REINSTITUTION OF DESIGNATED "NO SMOKING" DORMITORIES, IN WHICH NON-SMOKERS WOULD BE HOUSED BY CHOICE, AND IN WHICH NO TOBACCO PRODUCTS WOULD BE PERMITTED; OR THE CONSTRUCTING OF TWENTY-FOUR (24) HOUR ACCESSIBLE SMOKING PATIOS ADJACENT TO EVERY OPEN-POPULATION HOUSING UNIT;

3.) PLAINTIFF FURTHER SEEKS PUNITIVE DAMAGES TO THE

# VIII. RELIEF REQUESTED CONTINUED.

EXTENT THAT HE HAS BEEN FORCEFULLY EXPOSED TO DANGEROUS LEVELS OF ETS FOR MANY YEARS AT THE HANDS OF THE DEFENDANTS; BECAUSE NOT ONLY DID THESE UNCHECKED AND HAZARDOUS EXPOSURES CAUSE PLAINTIFF DIRECT PHYSICAL PAIN AND DISCOMFORT, BUT THERE ARE NO MEANS TO ADEQUATELY OR ACCURATELY GUAGE THE TOLL THAT THESE PAST, PRESENT, AND FUTURE EXPOSURES WILL HAVE ON PLAINTIFF'S FUTURE HEALTH CONCERNS;

4.) THAT THE DEPARTMENT ESTABLISH A SPECIFIC RULE INFRAC- TION (UNDER F.A.C. 33-601.314) TO EXPRESSLY PROHIBIT INDOOR SMOKING AND TO SEVERELY PENALIZE FOR THE SAME;

5.) THAT THE DEPARTMENT REQUIRE THAT IT'S SECURITY PERSONNEL MAKE A MORE VALIANT AND MEANINGFUL EF- FORT TO POLICE FOR AND PUNISH OFFENDER SMOKERS;

6.) THAT THIS HONORABLE COURT ADJUDICATE THIS CLAIM AS ONE WHICH MERITS CLASS ACTION STATUS;

7.) THAT THIS HONORABLE COURT APPOINT COUNSEL FOR THE PROSECUTION OF THIS COMPLEX SUIT; AND

8.) ANY OTHER EQUITABLE RELIEF DEEMED JUST AND PROPER BY THE HONORABLE COURT.

SIGNED AND DECLARED UNDER THE PENALTY OF PERJURY THIS 4TH DAY OF MAY, 2004.

#191100

RONY JEAN BAPTISTE #191100

**INMATE REQUEST**

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*(Instructions on Back)*

Mail Number: _____
Team Number: _____
Institution: _____

| TO: (Check One) | ☐ Warden   ☐ Asst. Warden | ☐ Classification   ☒ Security | ☐ Medical   ☐ Dental | ☐ Other |
|---|---|---|---|---|

COLONEL ASHLEY

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | RONY BAPTISTE | 191100 | A1146S | INS/ER | 10/1/03 |

**REQUEST**

THROUGH UNFORTUNATE EXPERIENCES, I'VE FOUND OUT THAT THE CURRENT NO SMOKING POLICY IS UNACCEPTABLE IN THAT IT'S STRUCTURE AND IMPLEMENTATION IS SEVERELY FLAWED. IT IS INCONCEIVABLE TO ME THAT THIS ADMINISTRATION WOULD THINK OR BELIEVE THAT A PERSON ADDICTED TO NICOTINE WOULD VOLUNTARILY REFRAIN FROM SMOKING INSIDE OF A STATE BUILDING (DORMITORIES) WHILE IN POSSESSION OF CIGARETTS. ALSO, IT IS TOTALLY UNREALISTIC, IMPOSSIBLE, AND UNFAIR TO EXPECT SECURITY STAFF TO ADEQUATELY AND SATISFACTORILY POLICE THE DORMITORIES FOR OFFENDER SMOKERS ON A CONSTANT (24) HOUR BASIS. BECAUSE OF THESE VISIBLE FLAWS IN THE CURRENTLY EMPLOYED NO SMOKING POLICY, I'M REPEATEDLY BEING SUBJECTED TO SECOND-HAND ENVIROMENTAL TOBACCO SMOKE (ETS), WHICH IS CONTRARY TO MY FEDERALLY PROTECTED AND STATE-CREATED RIGHTS AGAINST THE SAME. I NEITHER SMOKE, NOR DO I WANT TO BE PLACED OR FORCED TO REMAIN IN A SITUATION SUCH AS THIS, WHICH POSES A HAZARD TO MY CURRENT AND FUTURE HEALTH

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                                    DATE RECEIVED: 10/9/03

your grievance has been received and reviewed. Although you can argue that the rule which prohibits smoking inside state buildings conflicts to the rule allowing inmates to possess tobacco items, the fact remains that both are rules, established by Central Office. As such the rule(s) cannot be altered at the institutional level.

No action

Ex. "A"

---

[The following pertains to informal grievances only:]

Based on the above information, your grievance is ___Returned___ (Returned, Denied, or Approved). If your inf____

you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

1 of 2

| Official (Signature) | Date: 10/9/03 |
|---|---|

Distribution:   White   -Returned to Inmate          Pink   -Retained by official responding, or if the response is to an
                Canary  -Returned to Inmate                   informal grievance be placed in inmate's file.

REQUEST CONCERNING FAULTY NO SMOKING
POLICY CONTINUED.   DATED: 10/1/03

_____

CONCERNS — IT'S A WELL-KNOWN AND RESPECTED MEDICAL FACT THAT
SECOND-HAND TOBACCO SMOKE IS MORE DETRIMENTAL TO THE NON-
SMOKER EXPOSED TO THE SAME, THAN THE CONTACT SMOKER. MY
FEDERAL STATUTORY RIGHT TO REMAIN FREE FROM ETS EX-
POSURE IS CURRENTLY AND CONSTANTLY BEING VIOLATED BY
THE FUNDAMENTALLY FLAWED NO SMOKING POLICY CURRENTLY IN
PLACE. THIS INFORMAL REQUEST RESPECTFULLY SEEKS THAT
IMMEDIATE STEPS BE TAKEN TO ADEQUATELY COMBAT MY BEING
EXPOSED TO UNWANTED AND UNHEALTHY TOBACCO SMOKE, AS I SUF-
FER FROM CONSTANT SINUS AGGRAVATION AND BOUTS OF COUGH-
ING, WHICH ARE COMPOUNDED BY MY CRONIC HYPERTENSION, EVERY.
TIME I'M EXPOSED TO DIRECT CIGARETTE SMOKE OR IT'S
RESIDUAL VAPORS. POLICY, PRACTICE, AND PROCEDURE HAS TO
BE CHANGED OR AMENDED TO ENABLE SECURITY STAFF A BOTH
BETTER AND MORE CONSTANT OPPORTUNITY TO POLICE FOR
OFFENDER SMOKING IN DORMITORIES; AND ALSO TO PRECLUDE
INMATES FROM POSSESSING TOBACCO THAT THEY "WILL"
SMOKE INDOORS, IN THE PRESENCE AND TO THE OFF-
ENCE OF NON-SMOKERS SUCH AS MYSELF.

EX. "A"
2 OF 2

RESPECTFULLY YOURS,
X _____ #19/100
RONY BAPTISTE #19/100

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**INMATE REQUEST**

(Instructions on Back)

Mail Number: __752__
Team Number: __1__
Institution: __LAKE C.I.__

| TO: (Check One) | ☐ Warden  ☒ Asst. Warden | ☐ Classification  ☐ Security | ☐ Medical  ☐ Dental | ☐ Other |
|---|---|---|---|---|

MR. HOLMES

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | RONY BAPTISTE | 191100 | A1146S | INS/GR | 10/16/03 |

※ *INFORMAL GRIEVANCE* ※

MY PREVIOUS REQUEST WAS NOT A GRIEVANCE (ATTACHED), BUT IT WAS ERRONEOUSLY RESANDED TO AS SUCH. NOTWITHSTANDING, MY GRIEVANCE, NOW, IS AS FOLLOWS: CONTRARY TO THE RESPONSE RENDERED BY COLONEL ASHLEY, CONCERNS OF SMOKING INSIDE STATE BUILDINGS, AS WELL AS THE RIGHTS OF A NON-SMOKER TO REMAIN FREE FROM ENVIROMENTAL TOBACCO SMOKE (ETS), FAR OUTWEIGHS ANY RIGHTS THAT AN INMATE MIGHT HAVE TO POSSESS SMOKING TOBACCO; BECAUSE THE FORMER RIGHTS ARE FEDERALLY ESTABLISHED AND PROTECTED; WHERE AS THE LATTER RIGHT IS DISCRETIONARY. THIS COMPLAINT ARISES FROM THE FACT THAT I'M PERPETUALLY PLACED AND FORCED TO REMAIN IN AN ENVEROMENT WHICH POSES A VIABLY HAZARDOUS RISK TO MY PRESENT AND FUTURE HEALTH CONCERNS; AS WELL AS ONE WHICH IS DEFICIENTLY UNSATISFACTORY TO FEDERAL AND STATE MANDATE. I HAD WRITTEN A REQUEST TO COLONEL ASHLEY, OUTLINING MY CONCERNS AND POINTING OUT THE OBVIOUS FLAWS

All requests will be handled in one of the following ways: 1) Written Information or  2) Personal Interview. All informal grievances will be responded to in writing.

#191100

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                     DATE RECEIVED: __10/20/03__

We can not change the current rule in reference to the smoking policy. However to assist you with your concern if requested you can be moved to D-Dorm to a two man cell. This should resolve your issues. To this extent your informal grievance is approved.

[The following pertains to informal grievances only:]

Based on the above ___grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right t___ in accordance with Chapter 33-103.006, F.A.C.]

EX. "B₁"

Official (Signatu___                     Date: 10/29/05

Distribution:   1 of 3          Inmate        Pink   -Retained by official responding, or if the response is to an
                                Inmate                informal grievance then forward to be placed in inmate's file.

CONTINUATION OF INFORMAL GRIEVANCE CONCERNING
NO SMOKING POLICY.   DATED: 10/16/03

IN THE STRUCTURE AND FEASIBLE IMPLEMENTATION OF THE CURRENTLY
EMPLOYED "NO SMOKING" POLICY. IN DOING SO, IT WAS MY DESIRE
TO ACHIEVE A SATISFACTORY RESOLUTION TO THE SMOKING DELIMMA,
WITHOUT HAVING TO INITIATE THE GRIEVANCE PROCESS. BUT, COLONEL
ASHLEY'S RESPONSE TO MY REQUEST, ALTHOUGH PROFESSIONAL IN CONTEXT,
WAS UNSATISFACTORY TO ME IN THAT IT DID NOT RESOLVE THE PROB-
LEM. I CONTEND THAT WITHIN THE LIMITS OF THE DEPARTMENTS
COMMISSION FOR CARE, CUSTODY, AND CONTROL, THE DEPARTMENT
(INSTITUTIONS) HAS A LEGAL DUTY TO TAKE REASONABLE STEPS TO EN-
SURE THE PROHIBITION OF ACTIONS THAT INFRINGE ON THE PROTECTED
RIGHTS OF ANOTHER INMATE, SUCH AS BEING EXPOSED TO UNWANTED AND
HAZARDOUS CIGARETTE SMOKE. CONTRARY TO THE FEDERALLY ENACTED CLEAN
AIR ACT, SUPPORTED BY STATE AND FEDERAL LEGISLATION GEARED TO PRE-
VENT A CITIZEN'S UNWANTED EXPOSURE TO "ETS", MY CURRENT AND
FORCED SITUATION OF CONFINEMENT VIOLATES MY FEDERAL STATUTORY
AND STATE-CREATED RIGHTS TO REMAIN FREE FROM SECOND-HAND
TOBACCO SMOKE. THE WAY THAT THE CURRENT NO SMOKING POLICY
AND PROCEDURE IS STRUCTURED TO WORK AND IMPLEMENTED IS
FUNDAMENTALLY FLAWED AND WOULD BE LAUGHABLE IF THE FLAWS
DIDN'T HAVE THE POTENTIAL TO MANIFEST INTO A BIGGER PROB-
LEM. THE TWO(2) VERY OBVIOUS FLAWS IN THE POLICY IS THAT:
(1.) FOR THE PROCESS TO WORK, IT RELIES SOLEY ON THE INTEG-
RITY OF A PRISONER TO NOT SMOKE TOBACCO THAT THEY
POSSESS INDOORS, AFTER HOURS; AND (2) IT IS UNREALISTIC,
IMPRACTICAL, AND IMPOSSIBLE FOR EVEN THE MOST DEDICATED

EX. "B"

(p. 1 of 2)

CONTINUATION OF INFORMAL GRIEVANCE CONCERNING
NO SMOKING POLICY.      DATED: 10/16/03

OFFICER TO POLICE FOR OFFENDER SMOKERS ON A CONSTANT
(24) HOUR BASIS. SUCH FLAWS IN A SYSTEM ESTABLISHED TO PRO-
HIBIT AND POLICE AGAINST SMOKING IN A STATE BUILDING ONLY
WORKS AGAINST AN INDIVIDUAL LIKE MYSELF, BECAUSE I'M CON-
STANTLY EXPOSED TO UNWANTED SECOND-HAND SMOKE, IT IS THE
DEPARTMENTS JOB TO PROTECT ME FROM ETS, BUT AN ADEQUATE
JOB IS NOT BEING DONE; AND CAN NOT BE DONE.

     THE STATE LEGISLATURE, IN ENACTING SECTION 944.115(i),
FLA. STAT. (2001) STATED THAT "THE PURPOSE OF THIS SECTION IS
TO PROTECT THE HEALTHY, COMFORT, AND ENVIROMENT OF... IN-
MATES BY PROHIBITING INMATES FROM USING TOBACCO PRODUCTS
INSIDE ANY OFFICE OR BUILDING WITHIN STATE CORRECTIONAL
FACILITIES...", BUT THE DEPARTMENT IS NOT CONFORMING TO
THE ORIGINAL INTENT OF THE LEGISLATURE. CONSEQUENTLY, THIS
GRIEVANCE SEEKS THAT IMMEDIATE STEPS BE TAKEN TO
ESTABLISH A MORE VIABLY IMPLEMENTABLE NO SMOKING
POLICY; OR ABSENT THAT, THAT THE DEPARTMENT SITS DOWN
WITH A GROUP OF INMATES SIMILARLY SITUATED AS MYSELF,
SO THAT A JUST AND SATISFACTORY RESOLUTION CAN COME
ABOUT IN THIS MATTER; BECAUSE IT ISN'T ENOUGH TO JUST
PROHIBIT THE USE OF TOBACCO INDOORS, THERE MUST BE A
VIABLE METHOD OF EFFECTIVELY ENFORCING THE PROHIBITION
WHICH INSTILLS TRUST IN THE PROCESS.

                    RESPECTFULLY YOURS,
                         x _____ #19100
EX. "B,"
                    RONY BAPTISTE #19100